IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS KEYES, | : | |
|     Plaintiff | : | |
| | : | |
|     vs. | : | Civil Action No. 05-104 Erie |
| OFFICER DANIEL RUSSO, | : | |
| OFFICER PETER MITCHELL, and | : | |
| OFFICER STEVEN DeLUCA | : | |
|     Defendants | : | |

**PLAINTIFF'S PRETRIAL NARRATIVE STATEMENT**

Plaintiff, Amos Keyes, by his undersigned counsel, respectfully submits this narrative statement pursuant to Local Rule 16.1.4A.1-8.

**I. NARRATIVE**

Plaintiff, Amos Keyes, is an African-American who is 25 years old. On April 4, 2003, about 9:30 in the morning, he was walking on the sidewalk located at the 500 block of East 11th Street in the City of Erie. Another man was walking with him when an Erie Police Department cruiser pulled over abruptly and approached Plaintiff and the other man, later identified as Jason Aubuchon. Defendant police officers Peter Mitchell and Daniel (Jamie) Russo were in the cruiser. One of them called out Plaintiff's name. Aubuchon was told by the police, "We want him; we don't want you."

The Plaintiff was struck in the face, thrown against a car and knocked to the ground by the Defendant officers. While on the ground, Defendant officer Steven DeLuca joined officers Mitchell and Russo. The Defendants yelled at him

1

and exclaimed, "Dumb nigger, die, die!" While pinned on the ground and handcuffed, the Plaintiff was struck in the face, was jabbed in the eyes and choked under the throat with a "nightstick" or similar police weapon by the Defendants.

As a result of the Defendants' aforementioned use of excessive force against the Plaintiff while he was handcuffed on the ground with three (3) police officers on top of him, Plaintiff passed out and was rendered unconscious briefly at the scene of the arrest.

The Defendants did not have any arrest warrants at the time they approached Plaintiff, nor any probable cause to arrest him as he walked down a city street in the morning.

Plaintiff was taken into custody by the Defendants. (The other man walking along with Plaintiff, Jason Aubuchon, was never arrested or taken into custody.) Plaintiff was taken to the City of Erie Police Department where he vomited, but was given no medical attention.

The Plaintiff was transported to Saint Vincent Health Center at a later time by order of the officer in charge at the police station. However, the Erie County Prison refused to accept Plaintiff due to his medical condition, so he was transported to the Prison later the same day of his arrest by members of the Erie Police Department.

Defendant officer Mitchell filed the following criminal charges against Plaintiff:

    1.    Tampering with or Fabricating Physical Evidence
    2.    Possession of Crack Cocaine

       3.     Possession of Drug Paraphernalia
       4.     Aggravated Assault
       5.     Resisting Arrest or Other Law Enforcement
       6.     Obstructing Administration of Law or Other Governmental Function.
       7.     Disorderly Conduct (2 counts)
       8.     Compliance with Police Order (City of Erie Ordinance)

After his preliminary hearing on May 7, 2003, the only charges bound over to criminal court and filed against Plaintiff were Tampering with or Fabricating Physical Evidence, Aggravated Assault, Resisting Arrest or Other Law Enforcement, Disorderly Conduct (1count) and Compliance with Police Order.

On June 4, 2003, Plaintiff entered a guilty plea to the single summary offense of Compliance with Police Order, a violation of the City of Erie Ordinances based upon using obscene language at Saint Vincent Health Center. The Erie County District Attorney filed a nolle prosse as to all the other charges, dismissing them against the Plaintiff.

Plaintiff has filed this lawsuit against the Defendant officers pursuant to 42 U.S.C. § 1983 and § 1985(3) for arresting him without probable cause, for using excessive force against him, and for conspiring against him as an African-American, depriving him of his constitutional rights, including equal protection of the law.

## II. WITNESS LIST

       1.     Amos Keyes

2. Jason Aubuchon
   Erie County Prison
   1618 Ash Street
   Erie, Pennsylvania 16503

3. Tammy Williams
   234 West 4th Street
   Erie, Pennsylvania 16507
   814-456-2852

4. Ronald Steele
   c/o GECAC
   27 West 8th Street
   Erie, Pennsylvania 16501
   814-870-5424

5. Defendant Peter Mitchell (on cross)
   c/o Erie Police Department

6. Defendant Daniel (Jamie) Russo (on cross)
   c/o Erie Police Department

7. Defendant Steven DeLuca (on cross)
   c/o Erie Police Department

8. Erie Eye Clinic representative
   128 West 12th Street
   Erie, Pennsylvania 16501
   814-452-2796

9. Constable Kindle
   c/o D. J. Paul Urbaniak
   1021 Parade Street
   Erie, Pennsylvania 16503
   814-451-6512

10. Brian Wiboon, D.O.
    c/o Saint Vincent Health Center
    232 West 25th Street
    Erie, Pennsylvania 16541
    814-452-5000

Plaintiff reserves the right to call foundation witnesses in the event

there is an issue about the authentication of documentary evidence being introduced at trial.  Also, Plaintiff reserves the right to amend his witness list and supplement it before trial due to the need for future treatment for his ongoing injuries and due to the difficulty of obtaining medical assessments while he is incarcerated at SCI - Greene.

### III.  DAMAGES

Most of Plaintiff's medical treatment has focused on his vision problems sustained as a result of the Defendants' actions.  Before his incarceration involving a different incident, Plaintiff sought treatment for his injuries at the Erie Eye Clinic and visited the emergency room of the former Metro Health Center, now no longer in existence due to bankruptcy.  For that reason, the total amount of Plaintiff's medical expenses incurred in 2003 is unknown, but there is a bill in the amount of $60.00 from the Erie Eye Clinic.  Plaintiff had a great deal of difficulty obtaining medical attention while in the state correctional facility to date since 2003.  However, he continues to experience pain in his back, shoulder, as well as the eye pain and vision impairment.

Plaintiff is seeking to recover compensatory damages for his pain and suffering, emotional distress, humiliation and embarrassment.  Plaintiff also is seeking to recover punitive damages from the Defendants.  Plaintiff also seeks recovery of compensatory damages for his loss of freedom due to the false arrest.

Due to Plaintiff's absence from Erie and inherent difficulty in obtaining

medical attention, Plaintiff reserves the right to amend and supplement his narrative statement with regard to damages, especially since they are believed to be ongoing.

## IV.  UNUSUAL LEGAL ISSUES

Based upon the deposition questions posed by defense counsel during discovery, it is anticipated that defense counsel will attempt to introduce Plaintiff's criminal record and his unrelated incarceration into evidence at trial.  Plaintiff expects to file a motion in limine to address this issue.

## V.  TRIAL EXHIBITS

Plaintiff reserves the right to use demonstrative evidence and summary charts to facilitate the jury's understanding of the facts and issues involved in this action.  Plaintiff also reserves the right to use as trial exhibits any of the documents listed in the Defendants' Pretrial Narrative Statements filed in this action.  Lastly, Plaintiff reserves the right to use additional materials as exhibits with respect to the cross-examination of any witnesses called by the Defendants at trial and the direct examination of any rebuttal witnesses called by Plaintiff at trial.  Plaintiff will amend and supplement his narrative pending the receipt of additional medical documents between now and the time of trial.

Subject to the foregoing reservations, Plaintiff may offer the following items into evidence at trial:

6

1. Police reports and records arising from subject incident of April 4, 2003.

2. Medical records, reports from Erie County Prison relating to Plaintiff arising from the subject incident.

3. Police Criminal Complaint dated April 4, 2003.

4. Plea sheet dated June 4, 2003.

5. Color photos taken of Plaintiff at Erie County Prison.

6. Criminal Information filed against Plaintiff.

7. Records and bills from the Erie Eye Clinic.

8. Medical records/reports for Plaintiff at SCI - Greene.

9. Metro Health Center records and bills.

10. Erie Police Department arrest processing and inventory records.

11. Saint Vincent Health Center records for Plaintiff following his arrest.

Respectfully submitted,

Dated: December 14, 2005

/s/Paul J.Susko
Paul J. Susko
Pennsylvania I.D. No. 25995
Kubinski, Susko & Schonthaler
135 East 6th Street
Erie, Pennsylvania 16501
Telephone: 814-455-7612
*Counsel for Plaintiff*