IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS KEYES, | CIVIL DIVISION |
|        Plaintiff, | No.: 05-CV-104 E |
|        -vs- | Judge Sean J. McLaughlin |
| OFFICER DANIEL RUSSO, OFFICER PETER MITCHELL, and OFFICER STEVEN DeLUCA, | |
|        Defendants. | |

**DEFENDANTS' PRETRIAL STATEMENT**

**I. FACTS**

On April 4, 2003, while on patrol, Officers Mitchell and Russo saw two persons engaged in what they determined to be suspicious activity. The area being patrolled was an area in which drug sales were common and these officers noticed the two males slowing down and looking over their shoulders as the patrol car approached. The officers stopped and began to engage the men in conversation.

The white male, believed to be Jason Aubuchon, responded to the officers. The other male, Amos Keyes, began to walk away without speaking. At the time of the encounter, these officers did not recognize Mr. Keyes. Mr. Keyes was known to these officers due to his extensive criminal history including charges of drug dealing and possession of controlled substances. He also had been arrested for crimes of violence.

At a point in time shortly after the encounter, Mr. Keyes turned around and began walking back toward the officers pulling out his wallet. He was not asked to do so by the officers. He did not speak. Officer Mitchell exited the cruiser and asked him his name. he

recognized the name and then addressed him by name. Keyes did not speak only nodded his head. It appeared to officer Russo that Keyes had something in his mouth and he was chewing on it. Russo knew that Keyes had tried to dispose of cocaine by swallowing it because he had been involved in an arrest of Keyes on March 12, 2003. At that time, Keyes ran from police, resisted arrest and tried to swallow a bag of cocaine. At that time the substance was obtained from Keyes' mouth by the officers.

Officer Russo approached Keyes and asked him what was in his mouth. Keyes then pushed his right hand out striking Russo in the chest. Russo grabbed Keyes by the arm and asked him to open his mouth at which time Keyes swung out of Russo's grasp. He was then told that he was under arrest and told to comply with arrest procedures so that he could be handcuffed. He was being escorted to the patrol car at that time. Rather than comply, Keyes began a physical altercation with Russo and they fell to the ground. Officer Mitchell came to Russo's assistance during the altercation. Because of Keyes' refusal to submit and his kicking of Officer Russo, pepper spray was administered to the face area of Keyes in order to try to control him so that he could be handcuffed. During the time of this incident, officer DeLuca arrived on scene and assisted in controlling Keyes. He was one of the arresting officers in the March 12 incident and attempted to remove the substance from Keyes' mouth by using pressure point tactics. This was all to no avail.

Before and during the altercation, Russo observed a white powder substance around Keyes' mouth and on his shirtsleeve. Keyes was subdued and placed in the back of the police vehicle for transport to the station.

While in the vehicle Keyes spit on the floor of the car. After taking him to the hospital out of concern for Keyes possible ingestion of cocaine, the officers searched the vehicle and saw

a white powdery substance on the floor. It was field tested for cocaine and the test was positive. Photos of the material and test were taken and placed into the evidence packet.

While at the hospital, Keyes refused to cooperate with medical personnel and was combative and using vulgar language. He was asked if he wanted medical care to clean out his eyes. Keyes refused by saying that he did not want any doctor to touch him. Due to his refusal to cooperate, he was transported to the station and booked. A booking photo was taken which showed an abrasion on Keyes forehead.

Keyes was charged with two counts of aggravated assault, tampering with evidence, resisting arrest, possession of a controlled substance, drug paraphernalia and two counts of disorderly conduct and failure to comply with an order of a police officer. After preliminary hearing he was bound over to court on all charges except the possession of cocaine charges. These were dismissed because of the inability of the officers to get a sample of the sputum from the floor of the cruiser for analysis even though the pictures of the field test were shown to the magistrate.

These defendants were not consulted by the district attorney's office at the time of Mr. Keyes appearance at the court of common pleas when all of the most serious charges were nolle prossed. They were not asked for their opinion, consent or recommendations concerning the dismissal of the assault or resisting arrest charges. It is the belief of the defendants that these charges were dropped in exchange for a guilty plea on other pending drug charges lodged against Mr. Keyes. Apparently as a result of that plea agreement, Keyes is serving a prison sentence at the SCI Greene County. The exact details of that agreement or sentence are unknown at this time to the defendants.

## II.    Witness List

1. Officer Daniel Russo

2. Officer Peter Mitchell

3. Officer Steven DeLuca

4. Amos Keyes

5. Personnel of Erie County Jail

6. C. Nesta, NAR
   St. Vincent's Medical Center

7. Dr. McCarthy
   St. Vincent's Medical Center

8. Sgt. R. McDonald

9. Defendants reserve the right to call rebuttal witnesses.

10. Defendants reserve the right to supplement this list up to the time of trial.

## III.    UNUSUAL LEGAL ISSUES

The defendants do not believe that there are any unusual legal issues at this time.

## IV.    TRIAL EXHIBITS

Defendants may use the following documents and/or categories of documents to support its claims or defenses:

1. Hospital records of Emergency Room visit.

2. Arrest reports

3. Booking material including photographs

4. Criminal record history of Amos Keyes

5. Records of the Erie County Prison, including medical records.

6. Deposition transcripts of plaintiff.

      7.      Any exhibits identified by plaintiff in response to discovery requests or his pretrial statement.

      8.      Defendants reserve the right to supplement this list up to the time of trial.

LAW OFFICE OF JOSEPH S. WEIMER

BY: */s/Edmond R. Joyal, Jr.*
     Edmond R. Joyal, Jr., Esquire
     Attorney for Defendants.
     Pa. I.D. #65907
     975 Two Chatham Center
     Pittsburgh, PA  15219
     (412) 338-3184

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Praecipe for Entry of Appearance has been served by First Class Mail and e-mail, postage pre-paid, upon the following parties on this 23rd day of December, 2005.

Paul J. Susko, Esquire
135 East Sixth Street
Erie, PA  16501
*(Counsel for Plaintiff)*

LAW OFFICE OF JOSEPH S. WEIMER

BY: */s/Edmond R. Joyal, Jr.*
   Edmond R. Joyal, Jr., Esquire
   Attorney for Defendants.
   Pa. I.D. #65907
   975 Two Chatham Center
   Pittsburgh, PA  15219
   (412) 338-3184